IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL W. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-060 |
| | ) | |
| HOMER BRYSON; DEPARTMENT | ) | |
| OF CORRECTIONS, STATE OF | ) | |
| GEORGIA; NATHAN DEAL; BRAD | ) | |
| HOOKS; CHERIE PRICE; TRACY | ) | |
| JEFFERSON; DR. AJIBADE; | ) | |
| DR. McKINNON; DR. NISROBONG; | ) | |
| JUDGE JOHN F. HELTON; and | ) | |
| PATRICIA GLOVER, all in their individual | ) | |
| and official capacity as agents and | ) | |
| employees of the State of Georgia, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

**I. BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

**II. DISCUSSION**

    **A. The Complaint Should Be Dismissed Because Plaintiff Has Three Strikes Under § 1915(g) and Does Not Qualify for the Imminent Danger Exception, and Therefore He Cannot Proceed IFP.**

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon

2

which relief may be granted: (1) Taylor v. Lecraw, 1:10-CV-0987-CAP (N.D. Ga. Apr. 21, 2010) (dismissed for failure to state a claim); (2) Taylor v. Jackson, 1:09-CV-1894-CAP (N.D. Ga. July 30, 2009) (dismissed as frivolous); and (3) Taylor v. Public Defenders Office, 1:08-CV-3600-CAP (N.D. Ga. Dec. 10, 2008) (dismissed for failure to state a claim). All of these previous cases qualify as strikes under § 1915(g) because they were dismissed as frivolous or for failing to state a claim. Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff's complaint alleges that he has suffered numerous injuries since his incarceration, but he has never received proper medical attention. (See doc. no. 1, p. 5.) He claims to have reported these injuries and improper treatment on October 26, 2014, but nothing was done to correct the problem. (Id. at 6.) Plaintiff also states, however, that he has been examined by several doctors working for the Department of Corrections and Veterans Administration, but he claims these doctors forged documents indicating there was nothing wrong with him. (Id. at 7.) Plaintiff also alleges that doctors have experimented on him with unknown medication and that a deputy warden of security has made homosexual advances towards Plaintiff. Plaintiff claims all of these circumstances have caused him to

suffer from stress, depression, nightmares, and paranoia such that he is afraid he will hurt himself or his family upon his release at some point in the future. (Id.)

These allegations are of the ilk which other courts in receipt of numerous filings from Plaintiff have characterized as "fanciful and consistent with his other frivolous filings" such that the Court concludes he has not plausibly alleged he is in imminent danger of serious physical injury.[1] See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."); Neitzke v. Williams, 490 U.S. 319, 325-28 (1989) (noting that it is proper to dismiss complaints grounded in "fanciful factual allegation[s]" and "claims describing fantastic or delusional scenarios"); Gillilan v. Paul, No. CV 608-051, 2008 WL 2942100, at *2 (S.D. Ga. July 29, 2008) ("utterly fanciful" allegations do not place a prisoner with three strikes within 1915(g)'s imminent danger exception).

Plaintiff's allegations of improper medical treatment for ailments ranging from a broken toe, to non-descript injuries occurring while he is asleep, to varicose veins, to fending off alleged homosexual advances from a prison official, do not support a plausible finding that he is in imminent danger of serious physical injury. This is particularly true when the allegations are viewed in context with Plaintiff's seemingly contradictory allegations that he has been seen by doctors from multiple agencies, all of whom have supposedly forged documents indicating there is nothing wrong with Plaintiff. (Doc. no. 1, p. 7.) Moreover, Plaintiff is well-known to this Court as being of sound enough mind and body to submit

---

[1]Taylor v. U.S. Attorney Gen., 1:13-CV-212-CAP, doc. no. 3, p. 3 (N.D. Ga. Jan. 31, 2013), *adopted by* doc. no . 5 (N.D. Ga. Feb. 20, 2013).

documents declaring himself "lay counsel" for fellow inmates and thus entitled to a percentage of any judgment awarded to his "client." See Curry v. Day, CV 114-173, doc. no. 35 (S.D. Ga. July 13, 2015); Ezzard v. Ajibade, CV 314-141, doc. no. 53, p. 7 (S.D. Ga. July 6, 2015).

None of the allegations in the complaint plausibly establish Plaintiff was in any imminent danger when he filed his complaint on July 14, 2015. See Medberry, 185 F.3d at 1193. Plaintiff, "a frequent filer who is very aware of 1915(g)'s imminent danger exception, is precisely the type of litigant for whom the three strikes rule was designed." Gillilan, 2008 WL 2942100, at *2. Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

**B. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Disclose His Prior Cases.**

The form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) Under the questions concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts or facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 1-2.)

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Secretary Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, under penalty of perjury, Plaintiff identified two other lawsuits he filed in federal court, and acknowledged the dismissal of one case as frivolous, malicious, or failing to state a claim. (Doc. no. 1, pp. 2-3.) As noted above, Plaintiff has brought at least three other cases, all of which were dismissed as frivolous or for failure to state a claim. Plaintiff has also filed other federal cases, which although not dismissed as frivolous, malicious, or for failing to state a claim, should still have been disclosed as filed in federal court. See, e.g., Taylor v. U.S. Attorney Gen., 1:13-CV-212-CAP, doc. no. 3, p. 3 (N.D. Ga. Jan. 31, 2013), *adopted by* doc. no . 5 (N.D. Ga. Feb. 20, 2013). Thus, Plaintiff's answers about filing prior lawsuits were blatantly dishonest, providing another basis for dismissal of this case.

### III. CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were entitled to proceed IFP, the complaint should be dismissed because he has abused the judicial process by providing dishonest information about his filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which

would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 29th day of July, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA