ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DANIEL W. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 315-060 |
| | ) |
| HOMER BRYSON; DEPARTMENT OF CORRECTIONS, STATE OF GEORGIA; NATHAN DEAL; BRAD HOOKS; CHERIE PRICE; TRACY JEFFERSON; DR. AJIBADE; DR. McKINNON; DR. NISROBONG; JUDGE JOHN F. HELTON; and PATRICIA GLOVER, all in their individual and official capacity as agents and employees of the State of Georgia, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. The Magistrate Judge recommended denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") and dismissing this case without prejudice because Plaintiff has accumulated three strikes under the Prison Litigation Reform Act and provided blatantly dishonest information about his prior filing history. (See doc. no. 3.) The Magistrate Judge also concluded that Plaintiff had not alleged that he was in imminent danger of serious physical injury such that he should be excused from paying the full filing fee despite having at least three strikes under 28 U.S.C. § 1915(g). (See id. at 3-5.)

After the Magistrate Judge entered his recommendation on July 29, 2015, the Clerk docketed an "Amended Complaint" that was signed by Plaintiff on July 24, 2015. (Doc. no. 5.) The "amendment" was not on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, was not attested to as true under penalty of perjury, and amounts to little more than an improper piecemeal attempt at amendment that simply describes events allegedly occurring after he submitted his original complaint. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). The filing does not demonstrate that Plaintiff was in imminent danger at the time he signed his original complaint on July 14, 2015. Nor does it impact the Magistrate Judge's analysis that Plaintiff provided dishonest information about his prior filing history, the second basis upon which the Magistrate Judge recommended dismissal of the case. Indeed, Plaintiff filed no objections to July 29th recommendation for dismissal.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's request to proceed IFP, **DISMISSES** this case without prejudice, and **CLOSES** this civil action. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 21st day of August, 2015, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2